IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAURA SORREL, individually and as representative of the ESTATE OF ANGELICA GERALDINE SORREL, deceased., | § § § § § | |
| Plaintiff /Counter-Defendant, | § | Civil Action No. 3:22-cv-00449 |
| v. | § § § | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | § § § § | |
| Defendant / Counter-Plaintiff. | § | |

**DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S ORIGINAL PETITION,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant / Counter-Plaintiff United of Omaha Life Insurance Company files its Answer and Affirmative Defenses to the Original Petition (ECF No. 1-1, the "Complaint") of Plaintiff / Counter-Defendant Laura Sorrel (or Sorrell), individually and as representative of the Estate of Angelica Geraldine Sorrell, deceased, and its Counterclaim against Plaintiff / Counter-Defendant Laura Sorrell, as follows:

**I.   ANSWER**

DISCOVERY CONTROL PLAN

1.   Paragraph 1 of the Complaint is comprised only of legal conclusions not applicable in this Court and to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

VENUE AND JURISDICTION

2.   United of Omaha admits only that this Court has jurisdiction. United of Omaha

denies the remaining allegations in Paragraph 2 of the Complaint.

3. United of Omaha admits only that venue is proper in this District. United of Omaha denies the remaining allegations in Paragraph 3 of the Complaint.

## PARTIES AND SERVICE

4. United of Omaha denies the allegations in Paragraph 4 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. United of Omaha admits that it is an insurance company authorized to conduct the business of insurance in the State of Texas and it was served. United of Omaha denies the remaining allegations in Paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. Paragraph 6 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

7. United of Omaha admits that it issued life insurance policy No. BU2537644 (the "Policy"), which speaks for itself, insuring Angelica Geraldine Sorrell (the "Decedent") based on the application completed by the Decedent. United of Omaha also admits that Laura Sorrell ("Plaintiff" or "Beneficiary") was listed as the primary beneficiary on the application completed by the Decedent and made part of the Policy, which speaks for itself. United of Omaha denies the remaining allegations in Paragraph 7 of the Complaint.

8. United of Omaha admits only that it issued the Policy to Decedent. United of Omaha denies the remaining allegations in Paragraph 8 of the Complaint.

9. United of Omaha admits only that no benefits under the Policy were paid to the Beneficiary because the Policy was rescinded based on material misrepresentations made in the

application for the Policy. United of Omaha denies the remaining allegations in Paragraph 9 of the Complaint.

10. United of Omaha admits only that the Policy was rescinded based on material misrepresentations made in the application for the Policy. United of Omaha denies the remaining allegations in Paragraph 10 of the Complaint.

11. United of Omaha denies the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

13. Paragraph 13 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

14. Paragraph 14 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

## CAUSES OF ACTION

A. <u>Breach of Contract</u>

15. United of Omaha restates and incorporates by reference its responses to the other Paragraphs of this Answer in response to this Count and denies all other allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

17. Paragraph 17 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

B. <u>Non-Compliance with the Texas Insurance Code: Unfair Settlement Practices</u>

18. United of Omaha restates and incorporates by reference its answers to the other

Paragraphs of this Answer in response to this Count and denies all other allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

20. Paragraph 20 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

21. Paragraph 21 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

22. Paragraph 22 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

23. Paragraph 23 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

C. <u>Non-Compliance with the Texas Insurance Code: The Prompt Payment of Claims</u>

24. United of Omaha restates and incorporates by reference its answers to the other Paragraphs of this Answer in response to this Count and denies all other allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

26. Paragraph 26 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

D. <u>Breach of the Duty of Good Faith and Fair Dealing</u>[1]

---

[1] Subsection V(D), the fourth subsection under section V, is misnumbered in the Complaint as Subsection V(C).

27. United of Omaha restates and incorporates by reference its answers to the other Paragraphs of this Answer in response to this Count and denies all other allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

29. Paragraph 29 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

E. DTPA Violations[2]

30. United of Omaha restates and incorporates by reference its answers to the other Paragraphs of this Answer and denies all other allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations, including but not limited to subparagraphs (a) – (e).

32. Paragraph 32 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

KNOWLEDGE

33. Paragraph 33 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

---

[2] Subsection V(E), the fifth subsection under section V, is misnumbered in the Complaint as Subsection V(D).

## WAIVER AND ESTOPPEL

34. Paragraph 34 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

## DAMAGES

35. Paragraph 35 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

36. Paragraph 36 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

37. Paragraph 37 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

38. Paragraph 38 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

39. Paragraph 39 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

40. Paragraph 40 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

41.     Paragraph 41 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

42.     Paragraph 42 of the Complaint is comprised only of legal conclusions not applicable in this Court and to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

CONDITIONS PRECEDENT

43.     United of Omaha denies the allegations in Paragraph 43 of the Complaint.

PRE-JUDGMENT AND POST-JUDGMENT INTEREST

44.     Paragraph 44 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations and denies that Plaintiff is entitled to any damages or any other form of relief.

JURY DEMAND

45.     Paragraph 45 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

46.     Paragraph 46 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of Omaha denies the allegations.

PRAYER

47.     The "Prayer" Section in Paragraph 47 of the Complaint is comprised only of legal conclusions to which no response is required. To the extent a response is required, United of

Omaha denies the allegations and denies that Plaintiff is entitled to judgment against United of Omaha or is otherwise entitled to any form of relief.

## II. GENERAL DENIAL

48. United of Omaha generally denies each and every allegation in the Complaint to the extent that such allegations are not specifically admitted herein.

## III. AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the terms and conditions of the Policy, including the Application for the Policy, and by the doctrines of rescission, accord and satisfaction, release, ratification, acquiescence, waiver, equitable estoppel, unjust enrichment, *in pari delicto*, laches and unclean hands.

2. Plaintiff's claims are barred because the Policy was rescinded.

3. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted in that, *inter alia*, the coverage under the Policy was null and void due to material misrepresentations made in the Application for coverage by the Decedent. In addition, the Decedent failed to disclose material medical information as requested on the Application and the Decedent inaccurately and improperly certified the accuracy of the information on the Application to obtain the Policy which is void as a result.

4. United of Omaha timely and properly contested coverage under the Policy pursuant to its terms and the terms of the Application with respect to the material misrepresentations made on the Application and, therefore, Plaintiff is not entitled to the life insurance benefits under the Policy as any coverage under the Policy is null and void.

5. Plaintiff has suffered no damages as a result of the matters alleged in the Complaint as coverage under the Policy was void *ab initio* due to the knowing, material misrepresentations

in the Application made by the Decedent and the fact that the Decedent inaccurately and improperly certified the accuracy of the information on the Application to obtain the Policy which is void as a result.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to benefits under the Policy.

7. Plaintiff's claims are barred by the doctrine of merger and by the terms of the Application and the Policy.

8. Plaintiff's claims are barred, in whole or in part, by the parol evidence rule because the written terms of the Policy and Application control.

9. Plaintiff's claims are barred, in whole or in part, because United of Omaha complied with the Policy in good faith at all times.

10. Plaintiff's claims raised in the Complaint are barred because the Decedent made material misrepresentations in the Application for the Policy which rendered coverage under the Policy null and void and of no force and effect and United of Omaha properly and timely rescinded and contested coverage under the Policy.

11. Plaintiff's claims are barred, in whole or in part, by the failure of conditions precedent, the occurrence of which are and were required in order to give rise to United of Omaha's duty to perform as alleged, if at all, and United of Omaha states that all conditions precedent to recovery of benefits have not been satisfied as the Policy was void *ab initio*.

12. The acts and/or omissions alleged by Plaintiff do not rise to the level necessary for recovery of punitive, exemplary, and/or enhanced damages, nor is Plaintiff entitled to recover such damages.

13. While United of Omaha denies that Plaintiff has suffered any damages as a result

of the denial of any claim for the Policy's benefits, Plaintiff's damages, if any, are limited to the benefits available under the Policy as Plaintiff has failed to state a claim upon which any other relief can be recovered.

14. Plaintiff's claims are barred, in whole or in part, because her damages, if any, were caused by other individuals or entities over which United of Omaha has no control or for whom United of Omaha is not legally responsible for their actions or omissions, whether under agency liability or otherwise.

15. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

16. United of Omaha reserves the right to amend this Answer, including its Affirmative Defenses, as may be appropriate or necessary during this litigation.

## IV.  COUNTERCLAIM

Defendant/Counter-Plaintiff United of Omaha Life Insurance Company files its Counterclaim against Plaintiff/Counter-Defendant Laura Sorrell or Sorrel, individually ("Sorrell"), as follows:

1. This is an action for confirmation of rescission of coverage under a life insurance policy and declaratory relief to determine a question of actual controversy between the parties based on same.

### PARTIES

2. United of Omaha is an insurance company incorporated in the State of Nebraska with its principal place of business in Omaha, Nebraska. As such, United of Omaha is a citizen of the state of Nebraska.

3.      Upon information and belief, Sorrell or Sorrel is an individual domiciled in and a resident of El Paso County, Texas. As such, Sorrel is a citizen of the state of Texas. She is represented by counsel and has appeared in this action.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the action is between citizens of different states, as set forth above, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      This Court has jurisdiction over this declaratory judgment action to confirm rescission of the subject insurance policy under Federal Rules of Civil Procedure 57 and 28 U.S.C. §§ 2201 – 2202, which grants U.S. District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

6.      This Court has personal, general, and specific jurisdiction over Sorrell because she has resided in Texas for at least the past three years, during which time the insurance policy was issued, the misrepresentations made the basis of this Counterclaim were made, and the policy was issued in Texas on a Texas approved form.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, Sorrell resides in this District, and the property at issue, the life insurance policy, was issued in this District. 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

8.      Angelica G. Sorrell (the "Decedent") submitted an Application (the "Application") for a life insurance policy to United of Omaha on or about June 12, 2019. *See* **Exhibit 1**, Policy No. BU2537644.

9. The Application contained an "Underwriting" section consisting of two parts. Part One sought personal information of the Decedent and the Policy she was applying for. Part Two sought information regarding the Decedent's health, medical, and family history.

10. In Part Two of the Application, the answer to each question pertaining to health or medical history of Decedent was given as "No." *See* Ex. 1 at 41.

11. Specifically, Question 2 of Part Two asked Decedent if she had "ever (a) received treatment for, or (b) been advised by a member of the medical profession to seek treatment regarding" certain medical conditions. *Id*. She answered "No" to all parts, including questions 2(a), 2(b), 2(e), and 2(f), which asked:

> (a) any disease, or abnormal condition of the heart, circulatory system, or blood vessels, including high blood pressure, abnormal heart rhythm, pacemaker or defibrillator, valvular disease, or murmur, coronary artery blockage, chest pain, or stroke/mini-stroke?
> (b) any disease of the lungs, or respiratory system, including tuberculosis, asthma, chronic bronchitis, emphysema, sleep apnea or shortness of breath?
> 
> (e) any brain, nerve, or mental disorder, including convulsions/epilepsy, headaches, blackouts, tremors, balance disorders, multiple sclerosis, paralysis, dementia, depression, or schizophrenia?
> (f) any bone, or joint disorder, arthritis, or rheumatic conditions, including lupus, rheumatoid arthritis, scleroderma, fibromyalgia, or other bodily deformity, amputation, back, or spinal disorder?

*Id*.

12. In response to Question 5 of Part Two, Decedent also responded "No" to: "In the past two years, have you (a) been prescribed medication, or (b) taken any medication prescribed by a physician, or (c) regularly used over-the-counter medication?" Ex. 1 at 42.

13. In signing Part Two of the Application on June 12, 2019, Decedent represented to United of Omaha that her answers were true and complete and that any incorrect or misleading answer may void the Application and the Policy:

**AGREEMENT**

I represent the information in this application is true and complete to the best of my knowledge and belief. Any incorrect or misleading answers may void this application and any issued policy effective the issue date.

**Fraud Warning:** Any person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law.

Signed at: el paso     TX     Date 06/12/2019 at 21:17:14 GMT
         City          State     Mo    Day    Yr

eSigned by Angelica Geraldine Sorrell
Signature of Proposed Insured Age 15 and Over      Signature of Parent or Guardian if Proposed Insured is under Age 15

Signature of Other Proposed Insured Age 15 and Over

Ex. 1 at 43.

14. The Decedent signed the Application on December 4, 2018.

15. In underwriting and issuing the Policy, United of Omaha reasonably relied on representations in the Application regarding the Decedent's health and medical history to determine whether to issue the Policy and in assessing the risk it would accept by doing so. United of Omaha further relied upon the Decedent's representations in determining the appropriate or applicable charges to assess for insurance premiums.

16. Based on the above answers on the Policy Application, as well as other information provided to United of Omaha, and in reliance thereon, United of Omaha issued the Policy dated July 3, 2019 with a face amount of $200,000.00.

17. The Policy states it is a "contract" consisting of "this policy, any riders and the signed application, a copy of which is attached. All statements made in the application will be deemed representations and not warranties." Ex. 1 at 20. "The consideration for this policy is the application and the payment of the first premium." *Id*. at 21.

18. The Policy contains the following contestability provision: "We will not contest the validity of this policy after it has been in force during the lifetime of the Insured for two years from the date of issue." *Id*. at 20.

19. On December 21, 2020, the Decedent died.

20. The Policy is contestable because it was not in force for two years during the lifetime of the Decedent.

21. Because the Decedent died within the two-year contestability period of the Policy, United of Omaha conducted an investigation to review the accuracy of the statements on the Application. During its investigation, United of Omaha learned that the Decedent had made material misrepresentations on the Application. Specifically, United of Omaha learned that the Decedent had failed to disclose certain medical diagnoses, treatments, and conditions which should have been disclosed in the Application.[3]

22. Based on the information received and reviewed during United of Omaha's investigation, United of Omaha determined that Decedent answered questions 2(a), 2(b), 2(e), 2(f), and 5 of Part Two incorrectly.

23. These misrepresentations and/or fraudulent statements, omitted facts, concealed material facts, and/or other failure to accurately, honestly, and/or truthfully answer and disclose material information were integral to United of Omaha's decision to issue the Policy.

24. United of Omaha did not know these representations were false. Had the Decedent provided full and accurate disclosures in the Application, United of Omaha would not have issued the Policy. The Decedent's failure to disclose the Decedent's true health history was material to United of Omaha's determination of the risk insured by the Policy.

---

[3] Pursuant to federal and state privacy laws, United of Omaha is not in a position to further elaborate on the exact nature of the material misrepresentations made to United of Omaha by the Decedent. If required at some later time, United of Omaha will file relevant materials under seal with the Court.

25.     Based upon the material misrepresentations in the Application and made a part of the Policy, by letter dated June 1, 2021, United of Omaha rescinded the Decedent's coverage under the Policy and notified Sorrel of its rescission of the Policy. *See* **Exhibit 2**, June 1, 2021 correspondence.

26.     United of Omaha further tendered to Sorrel a refund of premiums paid for the Policy in the amount of $2,725.20 to rescind the Policy. *See* Ex. 2.

## COUNT I – DECLARATORY JUDGMENT FOR RESCISSION

27.     United of Omaha incorporates in Count I the allegations in the foregoing paragraphs.

28.     Under the Federal Declaratory Judgment Statute, 28 U.S.C. §§ 2201 and 2202, United of Omaha seeks a declaratory judgment that the Policy is null, void, and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions made on the Application, that no insurance was ever in effect, and that no benefits are due or payable under the Policy.

29.     Under Texas law, an insurer can rescind an insurance policy based on an insured's misrepresentations if the misrepresentations: (1) are of a material fact, and (2) affect the risks assumed. TEX. INS. CODE § 705.051. Here, the misrepresentations, omissions, concealment of facts, and incorrect statements in the Application were (1) material and (2) affected the risk assumed by United of Omaha under the Policy. United of Omaha would not have issued the Policy had the true facts been made known to United of Omaha as required by the Application for the Policy or otherwise.

30.     On a timely basis and in accordance with the Policy, United of Omaha notified Sorrell of its determination to void the Decedent's coverage under the Policy because of the

material misrepresentations and tendered a refund in full of the premiums paid for the Policy to Sorrell.

31.     Accordingly, United of Omaha is entitled to a declaration that the Policy was rescinded, that the Policy is null, void, and rescinded *ab initio*, that no insurance was ever in effect, and that no benefits are due or payable under the Policy.

32.     United of Omaha also requests that the Court award it its attorneys' fees. The Court may award costs and reasonable and necessary attorneys' fees in a diversity action when applicable state law would provide for them. Under the Uniform Declaratory Judgments Act, the Court may award costs and reasonable and necessary attorneys' fees as are equitable and just. TEX CIV. PRAC. & REM. CODE § 37.009. United of Omaha is filing this declaratory judgment action requesting the Court determine its rights, status, and other legal relations with respect to the Policy. For the reasons stated above, United of Omaha requests that this Court award it its reasonable attorneys' fees.

## PRAYER & RELIEF REQUESTED

United of Omaha requests judgment against Sorrel as follows:

(a)     an order declaring and adjudging that the Policy was rescinded, that the Policy is null, void and rescinded *ab initio*, that no insurance was ever in effect under the Policy, and that no benefits are due or payable under the Policy;

(b)     an order awarding United of Omaha damages, prejudgment interest, post judgment interest, costs of suit, and reasonable attorneys' fees; and

(c)     an order awarding such other relief as the Court deems equitable and just to United of Omaha.

Dated: December 9, 2022

Respectfully submitted,

McDowell Hetherington LLP

By: /s/ *Jason A. Richardson*
Jason A. Richardson
State Bar No. 24056206
Jason.Richardson@mhllp.com
Andrew J. Brien
State Bar No. 24128335
andrew.brien@mhllp.com
1001 Fannin, Suite 2400
Houston, TX 77002
Telephone: (713) 337-8872
Facsimile: (713) 337-8862

*Attorneys for Defendant United of Omaha Life Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022 a true and correct copy of the foregoing was served on the following counsel of record by CM/ECF and/or certified mail, return receipt requested:

Leonel Nunez
Nunez Law Firm
909 E. Rio Grande Ave.
El Paso, Texas 79902
leonel@nunezlaw-firm.com

/s/ *Jason A. Richardson*
Jason A. Richardson